UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI JUDAH, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CONVERGENT OUTSOURCING, INC.; GALAXY PORTFOLIOS, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ALI JUDAH, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CONVERGENT OUTSOURCING, INC. ("CONVERGENT); GALAXY PORTFOLIOS, LLC ("GALAXY"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CONVERGENT maintains a location at 800 SW 39th Street, P.O. Box 9004, Renton, Washington 98057.

8. GALAXY maintains a location at 4730 S. Fort Apache Road, Suite 300, Las Vegas, Nevada 89147.

9. Upon information and belief, each Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from CONVERGENT concerning a debt owned by GALAXY, which originated with BANK OF AMERICA, NA, USA and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

    The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq.*

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to February 26, 2016, Plaintiff allegedly incurred a financial obligation to BANK OF AMERICA, NA, USA ("BANK OF AMERICA").

16. The BANK OF AMERICA obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The BANK OF AMERICA obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. BANK OF AMERICA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. At some time prior to February 26, 2016, the BANK OF AMERICA obligation was purchased by and/or sold to GALAXY.

20. At the time the BANK OF AMERICA obligation was purchased by and/or sold to GALAXY, the obligation was in default.

21. On or before February 26, 2016, GALAXY referred the BANK OF AMERICA obligation to CONVERGENT for the purpose of collections.

22. At the time GALAXY referred the BANK OF AMERICA obligation to CONVERGENT, the obligation was past due.

23. At the time GALAXY referred the BANK OF AMERICA obligation to CONVERGENT, the obligation was in default.

24. Defendants caused to be delivered to Plaintiff a letter dated February 26, 2016, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

25. The February 26, 2016 letter was sent to Plaintiff in connection with the collection of the BANK OF AMERICA obligation.

26. The February 26, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the February 26, 2016 letter.

28. The February 26, 2016 letter provides the following information regarding the balance claimed due on the BANK OF AMERICA obligation:

      Principal: $1,495.10
Total Balance: $1,495.10

29. The "Principal Balance" of $1,495.10 stated in Defendants' February 26, 2016 letter included interest, costs or fees.

30. The February 26, 2016 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

31. The outstanding balance claimed to be due by Defendants on the BANK OF AMERICA obligation as of February 26, 2016 includes an amount for interest.

32. The February 26, 2016 letter did not inform Plaintiff that the amount of the debt included an amount for interest.

33. The outstanding balance claimed to be due by Defendants on the BANK OF AMERICA obligation as of February 26, 2016 includes an amount for costs or fees.

34. The February 26, 2016 letter did not inform Plaintiff that the amount of the debt included an amount for costs or fees.

35. At all times relevant to this matter, CONVERGENT has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

36. At all times relevant to this matter, CONVERGENT has not held a license issued by the New Jersey Department of Banking and Insurance.

37. CONVERGENT has never held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

38. At all times relevant to this matter, GALAXY has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

39. At all times relevant to this matter, GALAXY has not held a license issued by the New Jersey Department of Banking and Insurance.

40. GALAXY has never held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

41. Upon information and belief, BANK OF AMERICA held a license with the New Jersey Department of Banking and Insurance at all relevant times herein.

42. At no time was CONVERGENT authorized to charge or add interest to Plaintiff's account.

43. At no time was CONVERGENT authorized to collect interest on Plaintiff's account.

44. At no time was CONVERGENT authorized to collect on Plaintiff's account.

45. At no time was GALAXY authorized to charge or add interest to Plaintiff's account.

46. At no time was GALAXY authorized to collect interest on Plaintiff's account.

47. At no time was GALAXY authorized to collect on Plaintiff's account.

48. CONVERGENT was not permitted by law to add interest, late charges or other charges to the balance of the BANK OF AMERICA obligation.

49. GALAXY was not permitted by law to add interest, late charges or other charges to the balance of the BANK OF AMERICA obligation.

50. As CONVERGENT never obtained the appropriate license under the New Jersey Consumer Finance Licensing Act, it was prohibited from attempting to collect on the BANK OF AMERICA obligation.

51. As GALAXY never obtained the appropriate license under the New Jersey Consumer Finance Licensing Act, it was prohibited from attempting to collect on the BANK OF AMERICA obligation.

## POLICIES AND PRACTICES COMPLAINED OF

52. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation of the character or amount of the debt.

53. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

54. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

55. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

56. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

57. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

58. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.

59. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs or fees.

60. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether Defendants could legally attempt to collect the debt.

61. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

63. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

64. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

65. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the CITBANK obligation included an amount for interest and an amount for costs or fees.

66. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

67. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for interest in the balance stated in the February 26, 2016 letter.

68. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for costs or fees in the balance stated in the February 26, 2016 letter.

69. Defendants violated 15 U.S.C. § 1692e(2)(A) by failing to disclose that the "principal balance" contained interest, costs or fees.

70. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

71. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

72. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the BANK OF AMERICA obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

73. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

74. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

75. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

76. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

77. Defendants' attempt to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

78. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

79. Defendants violated Section 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

80. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

84. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

85. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 31, 2016

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.
>JONES, WOLF & KAPASI, LLC
>375 Passaic Avenue, Suite 100
>Fairfield, New Jersey 07004
>(973) 227-5900 telephone
>(973) 244-0019 facsimile
>jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 31, 2016

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.

# Exhibit A

ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

**Convergent**
Convergent Outsourcing, Inc.
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM PT
855-343-7885

Ali Judah

Date: 02/26/2016
Creditor: Galaxy Portfolios, LLC
Original Account #:
Convergent Account #:
Original Creditor: Bank Of America, NA, USA

Settlement In Full: $ 523.29
Principal:      $1,495.10
Total Balance:  $1,495.10

### Settlement Offer

Dear Ali Judah:

This notice is being sent to you by a collection agency. The records of Galaxy Portfolios, LLC show that your account has a past due balance of $1,495.10.

Our client has advised us that they are willing to settle your account for 35% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 60 days of this letter. Your settlement amount would be $ 523.29 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**



### 3 CONVENIENT WAYS TO PAY:

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com. Your temporary identification number is: 13.46727653.570

Pay by Phone: Please call Convergent Outsourcing, Inc. at 855-343-7885. We offer check by phone, Western Union, and credit/debit card.

Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton WA 98057-9004

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS ON REVERSE SIDE APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

70022057
844ATERSO01S335XG

---

855-343-7885

Re: Ali Judah

✓ **Select Your Plan:**

☐ **OPPORTUNITY #1 - Lump Sum Settlement Offer of 35%:**
Enclosed is my payment of $ 523.29 (a 65% discount). My account is now satisfied in full.

☐ **OPPORTUNITY #2 - Settlement Offer of 50% & Pay Over 3 Months:**
Enclosed is my first payment of $249.18 towards the settlement balance of $747.55 (a 50% discount).

☐ **OPPORTUNITY #3 - Spread Your Payments Over 12 Months:**
Enclosed is my first payment of $124.59 towards the balance due of $1,495.10.

If we are calling you in error, please call 855-728-9701 or visit our website at www.convergentusa.com.

Date: 02/26/2016
Creditor: Galaxy Portfolios, LLC
Original Account #:
Convergent Account #:
Settlement In Full: $ 523.29
Total Balance: $1,495.10

Amount Enclosed: US _____

PLEASE COMPLETE IF **PAYING** BY CREDIT CARD.

VISA ☐        MasterCard ☐

| CARD NUMBER | EXP. DATE |
| CARDHOLDER NAME | AMOUNT $ |
| CARDHOLDER SIGNATURE | |

"If Options 2 or 3 Have Been Selected, Please Enter Monthly
Payment Date and Amount: _____ $_____

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.

We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance.

---

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS
⬇⬇   "APPEARS CORRECTLY THROUGH WINDOW OF THE REPLY ENVELOPE."   ⬇⬇

Date: 02/26/2016
Creditor: Galaxy Portfolios, LLC
Original Account #:
Convergent Account #:

Settlement In Full: $ 523.29

Total Balance: $1,495.10

**New Address:**
Address: _____
City: _____ ST ____ Zip: _____
Daytime Phone: (____) _____-_____
Evening Phone: (____) _____-_____

Convergent Outsourcing, Inc.
PO Box 9004
Renton WA 98057-9004